DLD-290                                                         NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-2988
_____

CALVIN WILLIAMS,
                                        Appellant

v.

ROBERT WERLINGER, WARDEN, F.C.I. LORETTO
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 10-cv-00060)
District Judge:  Honorable Kim R. Gibson
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 15, 2011

Before:  FISHER, BARRY and VAN ANTWERPEN, Circuit Judges

(Filed: September 22, 2011)
_____

OPINION
_____

PER CURIAM

        Calvin Williams appeals from the order of the United States District Court for the

Western District of Pennsylvania denying his habeas petition filed pursuant to 28 U.S.C.

§ 2241. Appellee Robert Werlinger has filed a motion seeking summary affirmance of the District Court's order. We grant the motion and will affirm the District Court's order.

Williams, an inmate of the Federal Correctional Institution at Loretto, Pennsylvania, was charged with the prison violation of Possession/Manufacture of a Weapon. A prison officer prepared an incident report dated April 23, 2009, stating that a four and-a-half inch length of plastic (sharpened on one end and wrapped in masking tape on the other) was found under Williams's mattress during a search of his living quarters. During the investigation, Williams denied any involvement concerning the weapon. He also stated that he believed he was "set up" but denied having problems with anyone during his four years as a "camp" inmate. Williams received a copy of the incident report the same day. A disciplinary hearing was held on May 7, 2009, during which Williams disputed the charges. He maintained that the weapon was not his, that he had no reason to possess a weapon, that he had not been in an argument with anyone, and that he would not do anything to jeopardize his placement as a camp-status inmate. The Discipline Hearing Officer ("DHO") found that Williams had committed the acts as charged and imposed various sanctions, including disallowance of forty days of good conduct time and a disciplinary transfer to a closer supervision level than camp status. The DHO report noted consideration of the incident report and investigation, a photograph of the sharpened piece of plastic, and Williams's statement. The DHO report also noted consideration of an Inmate Request to a Staff Member signed by "Devout Christian," which reported an altercation between Williams and another inmate and alerted prison

2

staff to the presence of a sharp weapon around Williams's bed. Williams's administrative appeals were unsuccessful.

Williams then filed his section 2241 habeas petition, claiming that he had requested a lie detector test in support of his defense of the disciplinary charges, and that his due process rights were violated. As relief, he sought to have the incident report expunged from his disciplinary record, as well as to have his good conduct time and camp status restored. The respondent responded to the petition, arguing that Williams's disciplinary hearing complied with all that due process requires. The Magistrate Judge issued a report and recommendation that the section 2241 habeas petition be denied. Williams filed his objections to the report and recommendation. The District Court adopted the report and recommendation and denied the habeas petition.

Williams filed a timely notice of appeal. We have jurisdiction under 28 U.S.C. § 1291 and 28 U.S.C. § 2253(a). Section 2241 is the appropriate vehicle for constitutional claims when a prison disciplinary proceeding results in the loss of good time credits, see Queen v. Miner, 530 F.3d 253, 254 n.2 (3d Cir. 2008), and a certificate of appealability is not required to appeal the denial of a section 2241 petition, see Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009). We review the District Court's denial of habeas corpus relief de novo, but we review factual findings for clear error. See Vega v. United States, 493 F.3d 310, 314 (3d Cir. 2007).

Federal prisoners have a liberty interest in statutory good time credits. See Vega, 493 F.3d at 317 n.4 (citing Wolff v. McDonnell, 418 U.S. 539, 557 (1974), and 18 U.S.C.

3

§ 3624(b)(1)). Thus, "[w]here a prison disciplinary hearing may result in the loss of good time credits, . . . an inmate must receive: (1) advance written notice of the disciplinary charges; (2) an opportunity . . . to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action." Superintendent v. Hill, 472 U.S. 445, 454 (1985) (citing Wolff, 418 U.S. at 563-67). In addition, the disciplinary decision must be supported by "some evidence" in the record. See id. at 455.

Upon review of the record, we conclude, as the District Court did, that the section 2241 habeas petition is without merit. There appears to be no dispute that Williams was afforded the due process requirements described above. The record reflects that Williams received written notice of the charges and incident report in advance of the disciplinary hearing. He was provided the opportunity to present witness testimony, to present documentary evidence, and to have a staff representative's assistance at the hearing. The DHO prepared a written report, documented his findings and the evidence upon which he relied, explained the sanctions imposed, and notified Williams of his appeal rights. Williams's due process claim was based in part on the DHO's failure to administer a lie detector test  but due process does not encompass such a requirement.

In his document titled "Petition for Certificate of Appealability," which is treated as his notice of appeal, Williams repeats the arguments raised in his objections to the Magistrate Judge's report and recommendation. He argues that the evidence upon which the DHO relied was insufficient to meet the "some evidence" standard of Hill. Among

4

other things, Williams relies on the Magistrate Judge's acknowledgment that it was possible that he was framed by another inmate, and he asserts that, given the dormitory-style housing of the correctional camp and the access that other inmates had to his sleeping area, this possibility should have been given more weight. Further, he contends that the DHO failed to provide a basis for the credibility judgments made in rejecting certain testimony (presumably, Williams's own) while crediting others. First, we note that the DHO report does contain the explanation that more weight was afforded to prison staff reports and investigation than to Williams's statement regarding the matter, because unlike Williams, the staff members had nothing to gain from providing inaccurate information. Second, we need not re-weigh evidence or make credibility assessments in determining whether the "some evidence" standard is met; rather, we review whether there is "any evidence in the record that could support the conclusion reached by the disciplinary board." See id. at 455-46. As detailed above, the DHO's decision clearly was based on "some evidence" in the record.

Williams also argues that the application of the low standard of proof under Hill is unfair. However, the Supreme Court in Hill expressly declined to adopt a more stringent evidentiary standard as a requirement under the Constitution, even as it characterized the evidence in the case before it as "meager." See id. at 456-57. We will not apply a more stringent evidentiary standard here.

Based on the foregoing, we conclude that no substantial question is presented in this appeal, and that summary action is appropriate. See Third Circuit LAR 27.4.

Accordingly, we grant the appellee's motion for summary action and will summarily affirm the District Court's order. <u>See</u> Third Circuit I.O.P. 10.6.